The opinion of the Court was delivered by
INGLIS, A. J.
If sheep are killed by a dog known to its owner to have a mischievous propensity that way, and suf *242 fered by him to be at large, the injury'to the rights of property of the owner of the sheep is, at common law, attributed to the negligence of the owner of the dog, and an action on the case lies against him to recover such damages therefor, as the jury, under the general rules of law on the subject of damages recoverable in that form of action, shall think him entitled to. The Act of Assembly of 1859 provides that "the owner of any dog shall be liable to pay to the party injured double the value of all sheep that may be killed or injured by such dog, to be recovered by action on the case at the suit of the party injured.” Under this statute, the legal'responsibility of the owner for mischief done by his dog is absolute, being made wholly independent of any previous development of such mischievous propensity in the dog, of the owner’s knowledge thereof, and of his exercise of any degree whatever of care and diligence in keeping it confined; and the extent of this responsibility is almost as absolutely ascertained and fixed, in the form of the liquidated damages, leaving to be ascertained by the jury only the actual value of the sheep killed. That is made a private wrong, which is not so at common law; a liability to make reparation therefor in damages, not before existing, is created; and a measure of redress, very much in the shape of a penalty, is given the party injured.
The declaration in the case now under consideration has three counts, of which the first distinctly charges all those particulars which constitute the wrong at common law, and is in itself sufficient and complete; and each of the other two, while it omits averments which would be essential to the statement of the common law injury, accurately describes the wrong created by the statute, but does not in terms charge it as done “ against the form of the statute, or in any other way refer thereto. The verdict, so far as ean be understood from the report, is not simply for an *243 aggregate sum, which would have been the proper form of the verdict, if the action had been at common law. Disclosing to the Court the elements which enter into the jury’s estimate of damages, it shows clearly that this estimate was formed under the directions and in conformity with the requirements of the statute.
The appeal, insisting that the action was wholly at common law, complains of error in the charge of the Judge, in instructing the jury, to the contrary of this, that “"the action instituted by the plaintiff was the one provided by the Legislature, and that it was not necessary that the plaintiff' should, in his declaration, allege that it was brought according to the direction of the statute,” thus conducing to the error of the jury in finding a verdict at all, or, at least, in finding the particular verdict prescribed by the Act. The importance to the defendant of these instructions is manifest from what has been already said, especially as to the elements of the common law and statutory wrongs respectively. Much less proof was necessary in order to establish the defendant’s guilt of the latter than of the former, and, therefore, if the action was, in fact, only at common law, a verdict may have been found in consequence of the instructions, against the defendant, which ought not to have been found at all; or, if it could be certainly known that the jury considered the common law injury proved, yet the mode of making up the amount of the recovery, and the reasons therefor, (which, it is true, if not voluntarily disclosed by the jury, could not be inquired into,) are wholly without authority of law.
In the elementary treatises on Pleadings, the proposition is stated in general terms, thus: “If an offence be created by statute, and a penalty be inflicted, the mere statement of the facts constituting the offence will be insufficient, for there must be an express reference to the statute, as by the words “ contrary to the form of the statute,” &c., in order that *244 it may appear that tbe plaintiff grounds bis case upon, and intends to bring bimself within, the statute, (1 Chitty, Pleading, 215.) In Wells vs. Iggleden, (1 Barn. & Cress. 186,) the declaration was under the statute 55 Greo. III. c. 189, and stated that defendant, being an overseer of the poor of the parish of A, supplied, for his own profit, provisions for the support of the poor of the said parish, “ whereby, and by force of the statute in such case made and provided, he forfeited for his said offence £100, and thereby, and by force of the statute, an action has accruedand yet, for want of an allegation that the act done was “against the form of the statute,” it was held bad, and judgment was, upon motion, arrested., Prom the notes of Mr. Williams to Saunder’s Reports, (1 Saunder’s R. 135,) it may be gathered that wherever a statute makes that unlawful, which was before lawful, and gives a specific form of remedy or measure of redress, the pleading, in which it is sought to enforce such remedy or obtain such redress, must conclude li against the form of the statute,” though such formal conclusion will not, of itself, cure a defect in the description of the unlawful act. This distinction in the formal conclusion of the pleading is familiar in practice in proceedings on the criminal side of the Court, and has been constantly recognized and affirmed in our decided cases ; and it may, perhaps, be supposed that it is confined to such proceedings. But no reason is perceived why civil actions, under similar circumstances, should not be embraced within the rule. And that they have heretofore been so, is quite manifest from the precedents of declarations in actions brought under statutes which are to be found in Mr. Chitty’s second volume, (2 Chitty Pl. 717-720.) By a British statute, (2 W. & M. c. 5, § 5,) where a distress is made when no rent is due, the owner of the goods distrained may recover, in an action of trespass or on the case, double the value of the goods and full costs. And it there appears that in framing *245 a declaration in an action brought under this statute, it is of approved usage to refer to the statute as authority for the proceedings, and charge the act complained of as “ contrary to the form of the statute in such case made and provided and so of other statutes, in actions under which forms of declarations are there found, all of which have, of course, been copied from approved precedents.
It is the opinion of this Court that there being no express reference, of the plaintiff’s right to recover, to the provisions of the statute, in any of the counts of this declaration, the whole must be considered as framed at common law, the second and third counts being merely defective in omitting the necessary averment of a scienter; that the presiding Judge erred in law in his instructions to the jury in this particular, and that this error contributed to the result in a verdict against the defendant, when, from anything that appears in the case as reported, the jury might not have found him guilty of the only wrong properly alleged against him.
The motion for a new trial is granted.
DuNKIN, C. J., and Wardlaw, A. J., concurred.

Motion granted.